## CLARK AND WIFE *v.* WOOD & a.

A deed thirty years old is admissible without proof of its execution, if the possession has followed the deed, and there is nothing suspicious about it.

Where a will is introduced in evidence as containing an implied admission of title in a stranger, the declarations of the devisor at the time of its execution, in relation to the same, are admissible as part of the *res gestœ.*

A party cannot object to the charge to the jury, because not given in the language he desired, if that was not called for by the facts, and the charge was sufficiently favorable to him.

THIS was a writ of entry, to recover possession of one twelfth part of two tracts of land, in Auburn, claimed in right of the wife, as grandchild and kin of Nathaniel Wood, deceased.

Upon the general issue it appeared that Nathaniel Wood had four children, George, Jesse, Josiah and Betsey, of whom George died in 1803, leaving the plaintiff, Abra, and two other children. Nathaniel died in 1817, intestate, leaving three children surviving. Jesse was married, and the defendants are his children. Josiah and Betsey were never married. Josiah and Betsey died about 1848, and Jesse in 1851.

The first tract described in the plaintiffs' declaration was the homestead of Nathaniel, from 1760 to his death. The second tract contains twenty-seven acres, near to and just across the way from the first. Seven acres of it was purchased in 1773.

To show Nathaniel's title to the residue, the plaintiffs offered a warranty deed from George Wood to Nathaniel Wood, dated April 23, 1803, purporting to be properly executed and acknowledged, but never recorded. No proof was offered of its execution.

Evidence was offered tending to show that said Nathaniel. Wood was in possession of this tract from 1803 up to a period subsequent to said Jesse's marriage, which occurred several years before said Nathaniel's death, when said Nathaniel and his sons built a house upon it, and said Jesse thereupon moved upon it, and there lived till his death.

It also appeared that said Josiah had always lived with his father Nathaniel, and in consequence of his father's feeble

health had the principal control of his business and property; and after Nathaniel's death he continued to carry on the farm as before, so long as he lived. Said Nathaniel's estate was never administered upon, or in any way settled.

A witness then testified that he was executor of the will of Josiah Wood, and found the three deeds to Nathaniel Wood, before mentioned, with others, among the papers of said Josiah Wood, after his decease.

Upon this evidence the court admitted said deed without proof of its execution, subject to the defendants' exception.

The defendants proved that Jesse always occupied this second tract of twenty-seven acres after he moved upon it, till his death, and Josiah occupied the first tract, the homestead of said Nathaniel, till his death.

Jesse conveyed all his right, title and interest to any and all real estate of his late father, Nathaniel Wood, to Josiah, in 1837, and Josiah, by his will, devised both tracts to Jesse's sons, the defendants.

The defendants contended that Jesse and Josiah Wood, under whom they claimed, had good title to the demanded premises, either by certain unrecorded deeds, which were lost or destroyed, or if not in that way, that they had acquired good title by adverse possession to both said tracts, and introduced evidence tending to sustain those positions.

The plaintiffs relied on the bequests in the will of Josiah Wood to his nieces, Abra, the plaintiff, and her sisters, as admissions that they had an interest in the demanded premises.

In his will he says, "I give and bequeath to my nieces, children of my deceased brother, George Wood, namely, to Abra Clark, wife of Richard S. Clark, &c., the sum of one hundred dollars each, provided the said Abra and her husband, &c., shall, within a year, release all their right and interest in the estate of my late father, Nathaniel Wood, by suitable deeds," &c.

It appeared that the legacies were not paid, nor any releases executed.

The defendants then offered to prove that the condition

annexed to the legacies in said Josiah's will was inserted by the person who drew the will, without the knowledge, direction or request of the testator ; and when the will was brought and read to him, he objected to this condition, and said that said nieces had no right in said real estate ; that he owned it himself, and that he declined on this account to sign the will with this proviso in it ; but upon being told that it could not in law affect his rights, and might save trouble after his death, he signed the will ; but the court held the testimony inadmissible, and the defendants excepted.

The defendants asked the court to rule as follows :

1. That taking the profits of land to one's own use is a sufficient assertion of title, if nothing further appears.

2. That to destroy the operation of a twenty years' possession, it must appear that the occupant did not claim to be the owner of the land. The actual possession and improvement of the premises, as owners are accustomed to possess and improve their estates, without any payment of rent or recognition of title in another, or disavowal of title in himself, will, in the absence of all other evidence, be sufficient to raise a presumption of his entry and holding as absolute owner ; and, unless rebutted by other evidence, will establish the fact of a claim of title.

3. That a verdict and judgment in this case against the plaintiffs could not and would not bar or prejudice the wife's right after her husband's death.

The court declined to make such rulings, and the defendants excepted. The court then gave to the jury instructions as to the law, to which no exception was taken.

The jury returned a verdict for the plaintiffs, which the defendants moved the court to set aside by reason of said exceptions.

*Pillsbury*, for the defendant.

I. The demandants could not legally offer in evidence the deed of George Wood to Nathaniel Wood, without proof of its execution, until they had first conclusively proved an accompa-

nying possession of the second tract, by George Wood and those claiming under said deed, of at least thirty years.   *Waldron* v. *Tuttle,* 4 N. H. 371 ; *Homer* v. *Cilley,* 14 N. H. 85.

Now, though the case finds that there was evidence tending to prove that said Nathaniel and those claiming under him were in possession of said tract, yet there was evidence tending to show an adverse possession in Jesse Wood.   It therefore cannot be regarded as conclusively proved that the possession has accompanied the deed in question.

The time of Jesse's marriage does not appear, and consequently the length of time Nathaniel Wood was in possession, if he ever was in possession, does not appear.

Moreover, it does not appear that Jesse ever held or claimed said tract, *under said deed, or under said Nathaniel Wood,* and consequently the period of his occupation cannot be reckoned in computing the length of time that possession had accompanied said deed.

The court therefore erred in permitting said deed to be read in evidence, without proof of its execution.

II. The proposed testimony as to the declarations of Josiah Wood at the time of the execution of his will, was admissible for the purpose of *repelling the inference* that Josiah Wood, in making the legacies to his nieces, intended to recognize or admit that they had an interest in the demanded premises.

Averments are received of facts which were known to the testator, and which may be reasonably presumed to have influenced him in the disposition of his property.   *Sargent* v. *Towne,* 10 Mass. 303 ;   *Wilson* v. *Fosket,* 6 Met. 400.

Parol evidence of the circumstances under which those legacies were made, was competent.   *Scovill* v. *Griffith,* 2 Kern. 509 ; *Porter* v. *Sigler,* 1 Iowa (Green) 261 ; cited Halstead's Ev. 210.

III. In regard to the first ruling requested, the defendants refer the court to the case of *Straw* v. *Jones,* 9 N. H. 402.

IV. In regard to the second ruling requested, see *LaFrambois* v. *Jackson,* 8 Cowen 603.

Clark and Wife *v.* Wood.

*Marston* and *Emery*, for the plaintiff.

I. The deed of George Wood to Nathaniel Wood of the twenty acres was properly admitted.

1. It was more than fifty years old.

2. It came from the proper custody.

3. Possession followed under the deed from its date. Jesse's possession after his marriage was subordinate to his father's.

4. It is the antiquity of the deed that entitles it to be read, and the custody of the deed, and proof of possession under it, are corroborative facts merely. 1 Greenl. Ev., 570, sec. 21, notes; *Jackson* v. *Blanshan*, 3 Johns. 292; *Doe* v. *Deakin*, 3 C. & P. 402.

II. It was immaterial which party first introduced the will of Josiah Wood. The defendants claimed under that will. There is no ambiguity in the instrument, and therefore no parol evidence was admissible to modify or explain it. *Brown* v. *Saltonstall*, 3 Met. 175.

III. The instructions of the court in respect to the defendants' possession covered all the points in the case, and were not excepted to. The instructions asked for, so far as they differed from those actually given, were not warranted by the authorities. *Hunt* v. *Hunt*, 3 Met. 175.

BELL, J. "The rule is that a deed thirty years old may be read in evidence without proof of its execution, provided possession has constantly attended it." *Waldron* v. *Tuttle*, 4 N. H. 371; *Homer* v. *Cilley*, 14 N. H. 98. It is the accompanying possession alone which establishes the authenticity of an ancient deed. *Ibid.*

Here the deed offered was nearly fifty years old when the suit was commenced. The grantee entered under it, and was in possession, until he, with his sons, built a house upon it, and one of his sons moved upon the land, and there resided till his father's death, and afterwards, while he lived. There is no evidence that the son ever claimed under any other title than his father's, or that any person claiming under any other title has

ever interfered with the property. The possession has always followed the deed, and there is nothing in the case which casts suspicion upon it, and it was therefore properly admitted. 1 Greenl. Ev., sec. 144.

The declarations of Josiah Wood, at the time of the execution of his will, are admissible, if at all, as part of the *res gestæ*. The will is offered by the defendants as evidence of a devise of the property to them, and by the defendants as containing an implied admission that the plaintiff Abra and her sisters had some interest in this property, since the legacies to them are given only upon the condition that they should release any interest they could claim in the estate of Nathaniel Wood. The proof of what Josiah Wood said at the time of making the will is offered, not for the purpose of contradicting, adding to or varying the construction of the will. The language of the will is clear and unequivocal, and there is no question as to its meaning or legal effect.

But the plaintiffs insist that the fair inference to be drawn from the fact that the testator required a release from his legatees before the legacies should be paid, was that he was aware they had some legal claim to a share of their grandfather's estate, and the evidence is offered merely to rebut the inference drawn from the form of his bequests. It does not, therefore, come within the rule prohibiting the admission of evidence to qualify or explain written instruments.

Besides, this is the case of a third person, not a party to nor claiming under this provision of the will; and the rule that oral evidence cannot be received to add to or contradict written instruments, does not apply to persons not parties to them, where they come in evidence incidentally. *Woodman* v. *Eastman*, 8 N. H. 359; *Edgerly* v. *Emerson*, 3 Foster 565. The case of *Marshall* v. *Pierce*, 12 N. H. 127, was a case of similar evidence.

If evidence of an act done by a party is admissible, his declaration made at the time, and tending to elucidate or give a character to the act, and which may derive credit from the act

itself, will be admissible as part of the *res gestæ.* The making these bequests is regarded as material, because the condition attached to them is evidence of an admission of some title in the plaintiffs, which the testator was desirous should be released. The accompanying declaration, that they had no right, and his yielding to the insertion of the proviso as a precautionary measure, alone tended to give a character to that provision, which was before of uncertain purpose, and furnishes a natural explanation of its insertion. It seems to us, therefore, admissible under our decisions. *Sessions* v. *Little,* 9 N. H. 271 ; *Hersom* v. *Henderson,* 3 Foster 505 ; *Gordon* v. *Shurtleff,* 8 N. H. 260 ; *Plumer* v. *French,* 2 Foster 454 ; *Mahurin* v. *Bellows,* 14 N. H. 210.

The first instruction asked by the defendants, though in itself correct, was improper, because in this case other material facts did appear, as for instance the title of Nathaniel Wood, and his heirs, the relationship of Jesse Wood, the manner in which the house was built, &c. It was inapplicable to the case.

The second instruction is open to the same objection. There was far from being " an absence of all other evidence," as the request supposes. Where a party enters into land without pretence of title, his possession is presumed to be in subordination to the legal title, until the contrary is shown. *Lund* v. *Parker,* 3 N. H. 52. That presumption is not weakened by the fact that the occupant is a son of the owner, or that the father assists to build him a house on it, and lives on the opposite side of the road till his death.

So if a tenant in common, or co-heir, enters on or is in possession of lands generally, he shall be presumed to have entered, or have taken, or possessed them consistently with the common title of all ; and though the possession be exclusive, the statute of limitations will not run against co-tenants ; otherwise, if by some notorious act he claims an exclusive right. *Jackson* v. *Tebbetts,* 9 Cowen 241 ; *Clapp* v. *Bromagham,* 9 Cowen 551 ; *Ricard* v. *Williams,* 7 Wheat. 60. The instruction requested, reverses the rule of evidence which requires the party who claims title by adverse possession to satisfy the jury that he occupied under a claim of

title. *Lund* v. *Parker*, 3 N. H. 51; 2 Greenl. Ev., sec. 539; *LaFrambois* v. *Jackson*, 8 Cowen 603.

The third instruction was wholly immaterial to the case on trial. It would be good time to settle that question when the case should arise.

These instructions were, therefore, properly refused.

As the evidence of Josiah Wood's declarations at the time of making his will should have been received, there must be

*A new trial.*